IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICTS OF WASHINGTON
TACOMA DIVISION

SAMUEL SHAKUR SADDIQ §
 §
    Claimant, §
v. §  CIVIL ACTION NO. 2:22-00706-JCC
 §
 §
 §
McGee Air Services Company INC §  **JURY TRIAL DEMANED**
 §
    Respondent.



## COMPLAINT

Now Comes Claimant, SAMUEL SHAKUR SADDIQ, by and through his pro se capacity, and for his complaint Defendants, McGEE AIR SERVICES COMPANY INC and Other Janes or John Does, for violations of Title VII of the Civil Rights Act of 1964, as well as any amendments made prior and the Breach of Contract under the State laws; the WSHRC – RCW Chapter 49.60.180, RCW 49.60.040, Ch. 162-16 WAC, and CH. 183 1949), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Claimant seeking damages from Defendants for acts of discrimination and hostile work environment. Defendant's acts of discrimination are in violation of Title (VII), the CIVIL RIGHTS ACT 42 U.S.C 1983, and any other cause(s) of action that can be inferred from the facts set forth herein.

2. Defendant employed Claimant at its Company in SeaTac, Washington. Throughout Claimant's employment with Defendants, Plaintiff was not paid after the investigation was over but terminated for no disclosed reasons.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §1343(3) 1343(4) which confer original jurisdiction upon this Court in civil action to recover damages or to secure equitable relief (i) under Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgement Statute, 28 U.S.C. §2201; 42 U.S.C. § 2000e.,

4. This Court's supplemental jurisdiction is invoked to 28 U.S.C. §1367(a), to hear the state claims that will be set forth in this complaint because they arise out of the same controversy.

5. Venue is appropriate in the United States District Court for the Western District of Washington, Tacoma Division under 28 U.S.C. §1391(b)(1) and (c), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

6. **SAMUEL SHAKUR SADDIQ**; C/O 2016 E. 36TH Street, Tacoma, Washington [98404]

7. **AIR SERVICES INC COMPANY** is an individual residing in, 580 Naches Ave SW, Ste 100 Renton, WA 98057-2297 United States

## STATEMENT OF THE FACTS

8. On 3/7/2018 before I reported to Work, I was asked to go to see McGee Air Services administration at SeaTac Airport.
9. I waited for Ms. Maren Robison to escort me to her company office, where there were two detectives waiting on my arrival.
10. They both showed me what appeared to be serval different government badges and then begin an integration. (Det- Josh Landers – badge number 238), began to conduct the interrogation session, and ask me in multiple ways I quote.
11. Did I say I wanted to kill white people and I told him no.

12. I then was asked did I have any enemies that aim to frame me, and I told him no. I stated to him I had no reason say that and jeopardize my lively hood, the job I currently had and that I love working.
13. I stated I have never been involved in any such actions with the government or airport authorities.
14. I then attempted to ask the head investigator Josh Landers who filed false allegations and he alleged some unknown person or persons in the company was scared of me, and that he had no duty to tell me.
15. I was then told to give up my even though I had not violated any company law that constituted my badge being revoked.
16. Then Josh Lander demanded I sign a Notice of Trespass, and I refused because I had not done anything wrong. As well as no legal or Union rep being present at the meeting.
17. After that my integration was complete and I was free to go.
18. After the Port of Seattle REVOKED my work badge, I then work to prove my innocence.
19. I spoke with multiple respected former and current employees to get help proving my innocence.
20. After a long period of appealing the Port decision in 2019 I was permitted to apply at a new company and begin working again.

### Count I
### Constitutional and Civil Rights Pursuant to 42 U.S.C. 1983, 1988 Violation of Fourteenth Amendment-Equal Protection Prohibiting ____ Discrimination
### (Against McGee Air Services Company INC)

21. Paragraphs one through twenty (1-20) are incorporated herein by reference as paragraph twenty- one (21).
22. Defendant McGee Air Services Company INC violated Claimant's Fourteenth Amendment equal protection rights by allowing him to be subjected to age discrimination, to wit:

23. Defendant City of Momence engaged in a widespread, unwritten, custom and/or practice to disregard clearly writing policies prohibiting age discrimination, and/or that decisions were made by Defendant City of Momence's agents with final policymaking authority contrary to express requirements prohibiting discrimination.

24. Defendant McGee Air Services Company INC, acting under color of state law, deprived Plaintiff of his constitutional rights and/or acted intentionally and/or with callous disregard for Claimant's clearly established constitutional rights.

25. As a direct and proximate result of Defendant McGee Air Services Company INC discrimination against Plaintiff, he has suffered and will continue to suffer severe and substantial damages damage including loss of wages and benefits, lost raises, diminished earnings capacity, lost career and business opportunities, liquidated damages, back pay, front pay, extreme and severe mental anguish and emotional distress, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, distress, pain

and suffering, and other compensatory damages. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

WHEREFORE, Claimant, SAMUEL SHAKUR SADDIQ, prays for judgment in his favor and against Defendant, McGEE AIR SERVICES COMPANY INC, and asks that this Honorable Court award him direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages pursuant to 42 U.S.C. § 1981a(b)(1), reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as this Honorable Court may find appropriate.

## Count II
## Retaliatory Termination
## (Against McGee Air Services Company INC)

26. Paragraphs one through twenty (1-20) are incorporated herein by reference as paragraph twenty-six (26).
27. An employer generally retains the right to fire its employees "at-will," we held that an employer may not discharge an employee if a clear mandate of public policy is involved. Palmateer v. International Harvester Co., 421 N.E.2d 876, 879 (Ill. 1981); See also, Michael v. Precision Alliance Group, LLC., 21 N.E.3d 1183, 188 (Ill. 2014).
28. There are three elements a claimant is required to prove to sustain a tort for retaliatory discharge: first, an employee must establish that he has been discharged; second, he must demonstrate that his discharge was in retaliation for his activities; and, finally, he must show that the discharge violates a clear mandate of public policy. Belline v. K-Mart Corp., 940 F.2d 184, 186 (7th Cir. 1991).
29. While there is no precise definition of what constitutes clearly mandated public policy, a review of Illinois case law reveals that retaliatory discharge actions have been allowed where an employee is discharged for reporting improper conduct, also known as "whistleblowing". "The rationale is that, in these situations, an employer could effectively frustrate a significant public policy by using its power of dismissal in a coercive manner. Therefore, recognition of a cause of action for retaliatory discharge is considered necessary to vindicate the public policy underlying the employee's activity, and to deter employer conduct inconsistent with that policy." Michael v. Precision All. Group, LLC, 21 N.E.3d at 1188.
30. Claimant was discharged on _____, __, 2018, when Defendant McGee Air Services Company INC held an interrogation without notifying the Claimant.
31. Claimant was discharged in retaliation for going other authorities to prove my innocence. While Claimant did not breach any union laws by doing so, McGee Air Services Company INC believed Plaintiff did. McGee Air Services Company INC was more concerned with false allegations than the person who provided them. Claimant was then terminated for not admitting to the false allegations, which Claimant did not do.
32. Claimant was retaliated against for what Defendant McGee Air Services Company INC thought he did, not what Defendant actually did.

33. Furthermore, accounts placed into the Port of Seattle Investigation Report, which occurred as a result of the false allegations being provided by jane or john doe, are inaccurate representations of at least two officers.
34. Public policy is not furthered by conducting Port of Seattle Internal Investigations to find the "allegations" of public information. Furthermore, terminating an employee because they will not admit they did something without any proof they did it is not in the interest of public policy.
35. Even assuming that the Claimant did provide the allegations, which he did not, public policy would dictate that Claimant cannot be in trouble for this. This was not a criminal prosecution. McGee Air Services Company INC was acting in a way unbecoming of a company law and damaging the public's perception of their company.

WHEREFORE, Claimant, SAMUEL SHAKUR SADDIQ, prays for judgment in his favor and against Defendant, McGEE AIR SERVICES COMPANY INC, and asks that this Honorable Court award him direct and consequential damages, lost wages and benefits, liquidated damages, front pay, back pay, punitive damages, reasonable statutory attorneys' fees, expert witness fees, and costs, and such other relief as this Honorable Court may find appropriate.

## Count III
## Defamation Pre Se
## (Against McGee Air Services Company INC)

36. 69. Paragraphs one through twenty (1-20) are incorporated herein by reference as paragraph thirty-six (36).
37. 70. Defendant made several false and defamatory written and oral statements regarding the Plaintiff, as illustrated in paragraphs 1 through 15 to a third party.
38. The foregoing false and defamatory written and oral statements are defamatory per se in that they imputed that Claimant is unable to perform or lacks integrity in working his employment duties, and/or attributes to Claimant a lack of ability, and/or otherwise harms Claimant as being injurious to his in his profession.
39. The foregoing false and defamatory written and oral statements were not protected by a qualified privilege. Alternatively, if the statements were protected by a qualified privilege, Defendant exceeded and/or abused the qualified privilege because Defendant made the false statements with an intent to injure Claimant and/or with reckless disregard for the truth.
40. Claimant reasonably could not have known the comments imputed him as he did not tell Claimant that the false allegation was the reasons he was let go. It was not until _____, __, 2018 that Claimant did and should have known that McGee Air Services Company Inc told everyone that he had said these things, which was false.
41. This allegation was placed into Claimant's personnel file. Claimant asked for this personnel file, but Port of Seattle & McGee Air Services Company Inc denied all requests. However, any future employer that asked to see this personnel hire saw the allegations Plaintiff slept on the job taken as truthful assertions, representing defamation per se.

42. As the foregoing false and defamatory written and oral statements constitute defamation per se no damages need be alleged or proved as damages are presumed.
43. As a direct and proximate result of the foregoing false and defamatory written and oral statements, Claimant has suffered and will suffer emotional distress, and has been, and will continue to be, embarrassed and humiliated by the false statements. Additionally, as a direct and proximate result of the foregoing false and defamatory written and oral statements, Claimant has suffered, and will continue to suffer, significant damage to his personal and/or professional reputation.
44. As the aforesaid false and defamatory written and oral statements constitute defamation per se no damages need be alleged or proved as damages are presumed.

WHEREFORE, Plaintiff, SAMUEL SHAKUR SADDIQ, demands judgment against McGEE AIR SERVICES COMPANY INC and JOHN AND JANE DOES, for compensatory damages in an amount in excess of the minimum amount required for jurisdiction in Pierce County, consequential damages including but not limited to attorneys' fees and expenses related to the investigations, and exemplary damages in the amount of $100,000 in order to punish McGEE AIR SERVICES COMPANY INC and JOHN AND JANE DOES and deter McGEE AIR SERVICES COMPANY INC and JOHN AND JANE DOES from similar conduct and such other relief as this Honorable Court may find appropriate.

## VERIFICATION

I, Man SAMUEL SHAKUR SADDIQ am the Claimant in this action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe to be true.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

WHEREFORE claimant demands judgment for damages against respondent.
DATED this 24 day of May 2022

TRIAL BY JURY DEMANDED

Prepared and submitted by: _____

*Samuel S. Saddig*

Samuel Saddig
2016 E 36th St
Tacoma, WA 98404
(253) 359-5741

# PETITION

Samuel Shakur Shaddiq
Natural man
Article 1, section 8, clause 17
Article 6, paragraph 1
NOT a United States Citizen/Employee

**Enclosed**: sovereign/natural man seeking remedy; requires a liberty court'

CHAIN OF SOVEREIGNTY:

- Every state Constitution is written by living men that we thank God Almighty for civil and religious liberties. Nature being subject to the Natures Creator; God Almighty is superior sovereign. Exodus 34:14; Genesis 1:27

- Man in his sovereignty created the United States as a servant.

- United States in its sovereignty created divisions thereof: County of Jefferson, State of Texas.

I reserve all of my inherent God-given rights as a man, and one of the people, secured by the original Constitution of 1776-1777, and the original Constitution from Texas of 1836, which secured and protected the God given rights of all men, opposed to persons, corporations, et al.

## VERIFICATION

I, Man Samuel Shakur Shaddiq am a Claimant in this notice. I have read the foregoing notice and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe to be true.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

**WHEREFORE**, based upon the foregoing grounds and the authority cited therein, the Claimants respectfully requests this Honorable Court to allow this action to proceed without prepayment of filing fees, **"In The Interest of Justice."** DATED this 24 day of May 2022

Prepared and submitted by: _____
Samuel Shakur Shaddiq, Sui Juris, All Rights Reserved.