THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMUEL SHAKUR SADDIQ,

               Plaintiff,

    v.

MCGEE AIR SERVICES COMPANY INC,

               Defendant.

CASE NO. C22-0706-JCC

ORDER

This matter comes before the Court on pre-service review of Plaintiff Samuel Shakur Siddiq's complaint (Dkt. No. 4) under 28 U.S.C. § 1915(e)(2).

## I.    BACKGROUND

Upon reporting to work at SeaTac airport in March 2018, Plaintiff alleges that his employer, Defendant McGee Air Services, Co., summoned him to an office where two detectives began questioning him. (Dkt. No. 4 at 2.) Plaintiff inferred from their questions that a coworker had falsely accused him of making threatening statements. (*Id.* at 4.) There was apparently an investigation (though it is not clear by whom) that resulted in his work privileges being revoked and, eventually, termination of his employment; he also seems to be alleging an adverse administrative action by the Port of Seattle, though the nature of this is not clear. (*See id.* at 1, 3.)

Plaintiff filed this lawsuit in May 2022. (Dkt. No. 1-1.) He asserts that Defendant: (1) is liable under 42 U.S.C. § 1983 for violating his equal protection rights; (2) unlawfully retaliated

against him—either because he was engaged in protected whistleblower activity, or because the basis for his firing was fabricated (which, as an aside, is not retaliation); and (3) defamed him by falsely telling third parties that his work performance was poor. (Dkt. No. 4 at 3–5.) [1]

The Honorable Brian A. Tsuchida, U.S. Magistrate Judge, granted Plaintiff leave to proceed *in forma pauperis*. (Dkt. No. 3.)

## II.   DISCUSSION

The Court must dismiss before service a complaint filed *in forma pauperis* if it "fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii) (section numbering omitted); *see Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000).

A complaint must be dismissed if it does not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is proper if the complaint lacks a cognizable legal theory or states insufficient facts to support one. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). *Pro se* complaints are read liberally and in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Still, § 1915(e) "not only permits but requires" dismissal of an *in forma pauperis* complaint that fails to state a claim. *Lopez*, 203 F.3d at 1229. If the Court dismisses the complaint, it should give leave to amend unless "it is absolutely clear" that amendment would not cure the pleading deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint is deficient for two reasons: First, Plaintiff does not allege that Defendant is a state actor. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (Section

---

[1] Plaintiff also alleges that "Defendant City of Momence" is partly to blame. (Dkt. No. 4 at 3.) Momence appears to be a city in Kankakee County, Illinois, about 50 miles south of Chicago. *See* CITY OF MOMENCE, https://cityofmomence.com/. This appears to be an editing error, given that the complaint cites Illinois law for Plaintiff's retaliation claim. (*See id.* at 4.)

1   1983 excludes "merely private conduct . . . no matter how discriminatory or wrongful"). State

2   action exists if, and only if, "there is such a close nexus between the state and the challenged

3   action that the seemingly private behavior may be fairly treated as that of the State itself."

4   *Caviness v. Horizon Community Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (cleaned

5   up). This is normative inquiry lacks rigid criteria; the Supreme Court has recognized several

6   different tests for determining whether state action exists. *See Brentwood Acad. v. Tennessee*

7   *Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295–96 (2001). Here, Plaintiff alleges nothing to

8   suggest a state actor was involved in any of Defendant's alleged conduct.

9           Second, Plaintiff's assertions that Defendant discriminated against, retaliated against, or

10  defamed him are either too vague to support a cognizable legal theory (*see, e.g.*, Dkt. No. 4 at 4

11  (alleging that Defendant "was more concerned with false allegations than the person who

12  provided them. Claimant was then terminated for not admitting to the false allegations, which

13  Plaintiff did not do.")), or are wholly conclusory (*see, e.g.*, *id.* at 3 (alleging that Defendant

14  "acting under color of state law, deprived Plaintiff of his constitutional rights and/or acted

15  intentionally and/or with callous disregard for Claimant's clearly established constitutional

16  rights.")). He thus fails to state any claims for which relief can be granted.

17  **III.    CONCLUSION**

18          For the foregoing reasons, Plaintiff's complaint (Dkt. No. 4) is DISMISSED without

19  prejudice. It is hereby ORDERED that within 30 days of this order, Plaintiff must file an

20  amended complaint remedying the deficiencies described above. Failure to do so may result in

21  dismissal with prejudice and without further notice.

22          DATED this 2nd day of June 2022.

23

24

25

26                                    John C. Coughenour
                                  UNITED STATES DISTRICT JUDGE